## DENNIS HUTSON v. THE STATE.

No. 10739.   Delivered March 2, 1927.

Rehearing denied May 25, 1927.

**1.—Theft of An Automobile—Selecting Jury—Error of Clerk—Waived by Appellant.**

Where the clerk in reading the names of the jury, through mistake called the name of one juror who had been challenged by appellant and omitted calling the name of one selected, and when the mistake was discovered, before the jury returned a verict, the trial court offered to recall the jury and discharge them, the appellant not having availed himself of this offer, could not thereafter complain.

### ON REHEARING.

**2.—Same—Evidence—Held Sufficient.**

On rehearing appellant insists that the evidence does not support the verdict. We are unable to agree with him. A witness positively identified appellant as having been seen by him driving the stolen car away from the place where it was taken, and later again identified him. The jury are made the exclusive judges of the credibility of the witnesses and the weight to be given their testimony, and it is not within the province of this court to take from the jury their right to decide matters of conflict in the testimony.

Appeal from the District Court of Bosque County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for theft of an automobile, penalty two years in the penitentiary.

The opinion states the case.

*F. E. Johnson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of an automobile, punishment being two years in the penitentiary.

On the night of August 13, 1926, J. F. Moffitt drove his automobile (a Chevrolet 1925 model) into the picnic grounds near Clifton and parked it at a point designated by the parties in charge. About an hour later when he returned for the car it was gone. It was found about ten days later in the brush in a creek bottom, at which time the four casings, tubes and rims had been taken from it. A witness testified that on the night the car was stolen he had gone to the picnic grounds and was requested by the party in charge of parking space to relieve him for a short time; that after he had been there a short time he heard the noise of cars moving and that a Ford car with two persons in it followed by a Chevrolet with lights out and also having two persons in it passed out of the gate, after which the lights on the Chevrolet car were turned on; that within five minutes Mr. Moffitt made inquiry for his car, stating it had been taken out of the grounds. As the Ford and Chevrolet cars were leaving the picnic grounds another car was approaching and the lights from the approaching car enabled this witness to see and identify appellant as the party driving the Chevrolet. His identification was positive both at the trial and at the time he first saw appellant in jail, when he picked him out from other parties there. Appellant did not testify. He introduced his wife, brothers and other parties, who gave testimony to the effect that he was not at the picnic grounds on the night the car was stolen, but was at his home some forty miles away. This testimony if accepted by the jury would have authorized the acquittal of appellant. It was rejected. It is urged that because the witness who saw appellant drive a Chevrolet out of the picnic grounds did not identify that Chevrolet as the one belonging to Mr. Moffitt the evidence is insufficient to support a conviction. We are not in accord with this contention. While the witness did not identify the car, we think the circumstances do sufficiently designate it as the Moffitt car.

Upon the jury list handed appellant and his counsel was the name of "Hans Aars." Counsel for appellant in exercising his peremptory challenges struck Mr. Aars' name from the list and left the name of "J. P. Finstad." By mistake when the list of jurors was read by the clerk Mr. Aars' name was called and Mr. Finstad's omitted. Appellant nor his counsel noticed the mistake. If so, they did not call the court's attention to it until

the trial was completed and the jury had retired to consider the case, when for the first time the court's attention was called to the fact that Mr. Finstad had been omitted from the jury and Mr. Aars called instead. As soon as his attention was called to the mistake the learned trial judge informed appellant and his counsel if they had objection to Mr. Aars serving further upon the jury the court would recall the jury, withdraw the case from them, discharge the jury and summon a new one to try the case. Appellant did not insist on this being done and made no further protest at the time. Upon motion for new trial, however, appellant urges the mistake of retaining Mr. Aars on the jury as ground for new trial. We think this contention cannot be sustained. It was the duty of appellant to call the court's attention to the mistake at the time the jury was impaneled. If he did not then notice the mistake, when the court advised that he would discharge the jury and select a new one if he desired it, he should have made known to the court his wish in the matter. The course pursued by him was equivalent to an acceptance of the juror. He is placed in the position of taking chances on the verdict of the jury being favorable, and being disappointed in that, seeking to urge a matter as ground for a new trial which he had already waived.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Both in his written motion, and oral argument on presentation thereof, appellant insists that the testimony in this case did not justify the jury in arriving at the conclusion of guilt. Appellant did not testify in the case, but relied upon relatives to negative the fact that he took the alleged stolen automobile. Beyond question he was at the picnic park from which the car was stolen. The witness Draper testified positively that he saw appellant drive a car claimed to be the stolen car, out of the park on the night of its alleged loss. Appellant's counsel urges strenuously that under the circumstances detailed by the witness he could not have been positive in his identification and that such circumstances should cause us to hold the evidence insufficient. We are unable to take the view of our duty which seems to obtain in the mind of appellant. The jury are made the exclusive judges of the credibility of the witnesses and the weight to be given their testimony, by our statute. Draper testified that he did identify appellant as the driver of said car, and further stated the kind of clothes he had on, and when he next saw him he again identified him, and

then again a few days later after appellant's arrest Draper identified him. We deem it beyond our province to so take away from the jury their right to decide matters of conflict in the testimony, as to lead us to reverse a case under such facts as appear in this record.

The motion for rehearing will be overruled.

*Overruled.*